**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-00754-CMA-STV

**ARTHUR MCMAHON**,

    Plaintiff,

v.

**BRECKENRIDGE GRAND VACATIONS, LLC,
d/b/a PEAK 8 PROPERTIES, LLC**
,
    Defendant.

---

**SCHEDULING ORDER**

---

**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference in this matter is set for **May 27, 2020 at 9:30 a.m.**, by telephone, before **Magistrate Judge Scott T. Varholak.**

Appearing for the parties are:

Steven L. Woodrow
Patrick Peluso
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado  80210
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com

Defendant Breckenridge Grand Vacations
d/b/a Peak 8 Properties, LLC is represented by:

Darin Mackender
Danielle S. Urban
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, Colorado 80202
(303) 218-3654 – phone
(303) 218-3651 – fax
dmackender@fisherphillips.com
durban@fisherphillips.com

## 2.   STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, which grants original jurisdiction to the federal District Court in actions arising under federal wage and hour laws. Plaintiff's Complaint asserts claims in violation of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§201, *et seq*., and the Colorado Wage Act C.R.S. §§8-4-101 *et seq.*  28 U.S.C. § 1367 is the basis for this Court's supplemental jurisdiction over Plaintiff's state law claims.  Venue lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b).

## 3.   STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff**:  This case is an alleged class action brought under the Fair Labor Standards Act and the Colorado Wage Claim Act. Plaintiff, on behalf of himself and all others similarly situated, alleges that Defendant improperly classifies its sales personnel as independent contractors and seeks to recover unpaid wages and benefits as well as injunctive relief preventing Defendant from misclassifying salespersons as independent contractors going forward.

b. **Defendant**:

Plaintiff asserted claims for relief against Defendant alleging violations of the Colorado

Wage Claim Act and the Fair Labor Standards Act.  Defendant denies that Plaintiff was an employee of Defendant.  Rather, Plaintiff was an independent contractor sales broker, contracted to sell real estate.  With respect to the merits of Plaintiff's claims, Defendant denies the material allegations on which Plaintiff's claims are based.  Plaintiff was an independent contractor, and at all relevant times, Plaintiff was paid as agreed pursuant to the parties' Independent Contractor Agreement.  As an independent contractor, Plaintiff was not entitled to overtime compensation or benefits.

In addition to denying the material allegations of Plaintiff's complaint, Defendant asserts the following defenses:  Plaintiff has failed to state a claim upon which relief can be granted; one or more of Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches, consent, unclean hands, statute of frauds, accord and satisfaction, and payment and release; one or more of Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations; Defendant at all times had a good faith, reasonable belief that it was acting in compliance with the FLSA and all other applicable federal and state laws because its real estate brokers, with which it contracted, were independent contractors and any alleged violations of law were not willful; one or more of Plaintiff's claims are barred because Plaintiff was not an employee and therefore was not subject to federal and/or state overtime requirements; to the extent Plaintiff failed to mitigate his damages, any recovery may be barred or reduced; Plaintiff is not a proper or adequate class representative under applicable law; Plaintiff's complaint fails to properly state, plead, meet, or otherwise satisfy the requirements to maintain a class action under Fed. R. Civ. P 23 or any other federal law; and, Plaintiff is not entitled to recover any liquidated damages, penalty amounts, or attorneys' fees under federal or state law.  Defendant reserves the right to assert

additional defenses, including additional affirmative defenses, as may become available or apparent during the course of discovery.

## 4.   UNDISPUTED FACTS

a.   Defendant is a limited liability company that develops, markets, sells, and operates four fractional vacation ownership condominium resorts in Breckenridge, Colorado.

b.   Plaintiff is a Colorado-licensed real estate broker.

c.   Plaintiff was party to an independent contractor agreement with Defendant through his company, Life's Blessings, Inc.

d.   To make sales, Plaintiff provided tours to potential buyers.

## 5.   COMPUTATION OF DAMAGES

a.   **Plaintiff:** Plaintiff, on behalf of himself and all others similarly situated, seeks an award of actual damages and additional liquidated damages as allowable, all to be paid into a common fund for the benefit of Plaintiff and the Class. Plaintiff also seeks attorneys' fees and costs.

b.   **Defendant**:  Plaintiff is not entitled to any damages in this matter.  Because Defendant has not filed any counterclaims, it does not seek any damages.  Defendant does, however, seek an award of its costs and attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-101 *et seq.* and § 8-4-101 *et seq,* or as otherwise allowed by law or contract.

## 6.   REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   Date of Rule 26(f) meeting:  The parties' 26(f) conference was held by telephone on Wednesday, **May 6, 2020**.

b.  **Plaintiff was represented by Patrick Peluso of Woodrow & Peluso, LLC and Defendant was represented by Danielle Urban of Fisher Phillips LLP**.

c.  The parties agree to exchange initial disclosures on or before **May 27, 2020.**

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1). **None**

e.  Statement concerning any agreements to conduct informal discovery:  **None.**

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:  **Parties will cooperate as to unified exhibit numbering systems.**

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

   **Regarding Electronically Stored Information ("ESI"), the parties agree that if disclosure of ESI in other than hard copy becomes necessary, the parties agree that any ESI may be disclosed in .pdf format, so long as that format is reasonably legible and searchable.  The parties agree that ESI and other documents will be manually self-collected by the document custodians at the direction and oversight of counsel. Defendant does not anticipate the need to produce metadata and will therefore not conduct a forensic collection of ESI and does not expect Plaintiff to do so. Defendant will, however, make an effort to preserve metadata in the event that production of metadata for particular documents is later proven necessary and anticipates that Plaintiff will do the same. After the initial production in hard copy or .pdf format is**

complete, a party desiring ESI in native file format must demonstrate a need consistent with Fed. R. Civ. P. 26(b) for such production. In the event that ESI is demonstrated by the producing party to be not reasonably accessible, the parties will work together to evaluate alternative means of production.

Defendant does not anticipate that it will be necessary to access inactive data stores, including, but not limited to, back-up tapes and does not intend to do so in the absence of a demonstrated need. If Plaintiff believes that a search of inactive data stores is necessary and the information is not obtainable elsewhere in a reasonably legible format the Plaintiff shall first attempt to informally resolve the matter with Defendant; should that effort fail, the Plaintiff may seek permission from the Court to access such information by showing good cause as defined by the Federal Rules of Civil Procedure and relevant case law.

The parties have agreed that all documents that are protected by attorney-client privilege and/or work product doctrine shall be governed by Fed.R.Civ.P. 26(b)(5)(B) and Fed.R.Evid. 502. In the event a privilege log is necessary, the log shall set forth the date of the document, the names of the sender and recipient, and a brief description of the nature of the document or section redacted and the privilege asserted. Such logs will be provided to the opposing party at the time of production. The parties will attempt to resolve any disagreements as to the designation of any particular document as privileged, and if unable to do so, will provide the documents at issue to the Court for an in-camera review and ruling. In accordance with Fed.R.Civ.P. 26(b)(5)(B), if information produced in discovery is subject to a claim of

**privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim, about the inadvertent disclosure and the basis for privilege. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.**

h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case. **Although the prospects for settlement are unknown at this time, the parties have discussed mediation, and will continue to evaluate whether mediation may be an option as the case proceeds.**

## 7.   CONSENT

All parties   ☐ [have]   X☐   [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8.   DISCOVERY LIMITATIONS

a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:  **None at this time. The parties propose to revisit this matter after the Court rules on Plaintiff's motion for conditional certification.**

Limitations which any party proposes on the length of depositions:

**7 hours, per the Federal Rules of Civil Procedure.**

Limitations which any party proposes on the number of requests for production and/or

requests for admission:

**25 requests for production and 25 requests for admissions at this time. The**

**parties propose to revisit this matter after the Court rules on Plaintiff's**

**motion for conditional certification.**

b.  Other Planning or Discovery Orders:  **None**

## 9.  CASE PLAN AND SCHEDULE

**Plaintiff will file a motion for conditional certification of collective action no later than**

**November 30, 2020.  Discovery prior to that deadline shall be limited to Plaintiff's**

**individual claims and issues related to conditional certification.  The parties propose**

**the Court set a second scheduling conference after its ruling on the motion for**

**conditional certification to set the remaining discovery and motions deadlines in this**

**case.**

## 10. DATES FOR FURTHER CONFERENCES

a.  A final pretrial conference will be held in this case on **TBD** at ___ o'clock _m.  A Final

Pretrial Order shall be prepared by the parties and submitted to the court no later than

seven (7) days before the final pretrial conference.          Status 5/24/2021, 10:00 a.m.

## 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith

effort, were unable to reach an agreement. **None at present.**

b.  Anticipated length of **jury** trial is**____**.

8

## 12. NOTICE TO COUNSEL

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

Currently, the Scheduling Conference is scheduled for May 27, 2020, subject to COVID-related orders. Parties agree to cooperate on rescheduling dates as necessary. The parties agree that this Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___27th___ day of ___May___, 2020.

BY THE COURT:

United States Judge

APPROVED:


*s/ Steven L. Woodrow*
Steven L. Woodrow
Patrick Peluso
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado  80210
(720) 213-0675 – phone
(303) 927-0809 - fax
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com

*Counsel for Plaintiff*

*s/ Darin Mackender*
Darin Mackender
Danielle S. Urban
FISHER & PHILLIPS, LLP
1801 California Street, Suite 2700
Denver, Colorado 80202
(303) 218-3654 – phone
(303) 218-3651 – fax
durban@fisherphillips.com

*Counsel for Defendant*