IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00754-CMA-STV

**ARTHUR MCMAHON**,

Plaintiff,

v.

**BRECKENRIDGE GRAND VACATIONS, LLC,
d/b/a PEAK 8 PROPERTIES, LLC,**

Defendant.

---

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND TO FACILITATE NOTICE

---

Defendant, Breckenridge Grand Vacations, LLC, d/b/a Peak 8 Properties, LLC ("BGV"), by and through its undersigned counsel, respectfully submits this Response in Opposition to Plaintiff Arthur McMahon's ("Plaintiff") Motion for Conditional Certification and to Facilitate Notice ("Motion").

### INTRODUCTION

In this wage and hour lawsuit, Plaintiff alleges that BGV hired him as a "sales broker" and paid him the same hourly rate for all hours worked, with no overtime wages or benefits,[1] in violation of the Fair Labor Standards Act ("FLSA"). Dkt. 1 ¶¶52-54. In his Complaint and subsequent Motion to the Court, Plaintiff attempts to create and maintain a class by acutely, and

---

[1] Under the FLSA, employers are not required to provide benefits to independent contractors or employees. *See generally*, 29 U.S. Code § 203, *et seq.* Consequently, this is not a FLSA claim.

unacceptably, simplifying his allegations, and seeking certification of a hypothetical class of "members who worked for Defendant as sales personnel" and who were allegedly "misclassifie[d]" as independent contractors.  Dkt. 20 at 1-2.  Furthermore, Plaintiff attempts to reduce to the bare minimum the standard by which the Court may grant conditional class certification based on the pleadings and presented evidence.[2]  By doing so, Plaintiff seeks to deflect the Court's attention from several rudimentary issues that undermine his Motion.

First, Plaintiff fails to present sufficient allegations establishing that he and other putative class members were subject to a single decision, policy, or plan regarding compensation.  To conclude that Plaintiff has satisfied the "similarly situated" standard by pointing to an alleged class of individuals and a few e-mails would be to conclude that any time a plaintiff alleges unpaid overtime, such individuals would be "similarly situated."  This simplification is impermissible, even at the first stage of conditional certification.  While the FLSA may be remedial in nature, Congress did not make conditional certification an automatic right for plaintiffs.  Concluding otherwise would be contrary to legislative intent and the fundamentals of due process.

Second, and perhaps most critically for this stage of the proceedings, Plaintiff does not provide substantial allegations that he is similarly situated to the other "sales personnel," or that these aggrieved individuals even exist.  In fact, Plaintiff's Motion only makes sweeping, conclusory statements that he has met the standard for conditional certification, generally referring to himself as a "representative" of "similarly situated" individuals.  See Dkt. 20 at 8.  However, Plaintiff fails to provide the Court with any declarations or affidavits, or even names or numbers

---

[2] Plaintiff references only one case from a different jurisdiction that can only be considered persuasive authority, at best, not binding upon this Court. See Dkt. #20, at 2 (citing *Trezvant v. Fid. Emp'r. Servs. Corp.*, 434 F. Supp. 2d 40 (D. Mass. 2006)).

2

of potential plaintiffs, evidencing <u>any other individual</u> who may have been impacted by these alleged FLSA violations.

Other than the presentation of his own conclusions, supported solely by his singular experience and a handful of unauthenticated e-mails and documents far outside the limitations period at issue in his Complaint, his Motion lacks any evidentiary support for his request for conditional certification, and, as of the submission date of this Response, there are no Opt-in Plaintiffs. These few documents are insufficient to establish that he is similarly situated to the other "sales personnel" for the purposes of conditional class certification.

Plaintiff's fabricated job classification and personal interpretation of pay practices is insufficient to establish that there are potential class members or that those individuals are similarly situated. For these reasons, and those detailed further below, Plaintiff has failed to demonstrate that conditional certification of a class is appropriate. As such, BGV respectfully requests this Court deny Plaintiff's Motion for Conditional Certification and to Facilitate Notice.

## **BACKGROUND**

BGV is a limited liability company that develops, markets, sells, and operates four fractional ownership condominium resorts in Breckenridge, Colorado. Dkt. 15 ¶¶1, 20. BGV contracts with individuals and entities to provide real-estate brokerage services to clients seeking to purchase ownership units of these condominium resorts. Plaintiff and BGV's contractual relationship began in or around 1999. Dkt. 20-2.

To memorialize the terms of the contractual relationship between BGV and Plaintiff as an independent contractor real-estate broker (or "sales broker"), Plaintiff executed an "Independent Sales Contractor Agreement." *See, e.g.,* Exhibit 1; *see also* Dkt. 1, Ex. A. This contract, to which

Plaintiff voluntarily and willfully agreed on his own behalf and on behalf of his company, Life's Blessings, Inc., *see* Dkt. 19 ¶4(c), clearly outlined the terms and scope of the relationship, including indicating Plaintiff's performance with BGV as an independent contractor as defined by federal, state, and local law. *See, e.g, id.* ¶1.

Plaintiff conducted services for BGV pursuant to this contract for approximately twenty-one years before filing his Complaint and this Civil Action on March 18, 2020. *See* Dkt. 1. After filing its Answer to Plaintiff's Complaint on May 22, 2020, *see* Dkt. 15, BGV and Plaintiff exchanged initial disclosures and engaged in formal discovery. Plaintiff filed this Motion, pending before the Court, on November 30, 2020. Dkt. 20.

## LEGAL STANDARDS AND ARGUMENT

### I. Conditional Certification is Not Automatic, and Plaintiff Bears the Burden to Prove It is Warranted.

Pursuant to 29 U.S.C. § 216(b), district courts have absolute discretion to deny conditional certification – meaning courts *may* grant certification but such certification is not automatic. The United States Supreme Court clearly held that a plaintiff has no right to court-supervised notice in a collective action under Section 216(b) and that plaintiffs have no automatic entitlement to conditional certification. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989). Rather, district courts "have discretion, in appropriate cases to implement" Section 216(b)'s class action mechanism. *Id*. at 169 (emphasis added).

Under the Tenth Circuit, courts engage in a two-step approach, wherein the court "makes an initial notice stage determination of whether plaintiffs are 'similarly situated' to other coworkers." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). This stage requires "substantial allegations that the putative class members were together the victims of

4

a single decision, policy, or plan." *Id.* Though Plaintiff's burden is modest at this stage of the proceedings, it "is not non-existent, and it cannot be satisfied simply by unsupported assertions." *Ward v. Express Messenger Sys., Inc.*, 2018 WL 1604622, at *3 (D. Colo. Apr. 3, 2018) (citation and internal quotation marks omitted).

The Court may deny conditional certification in instances where the complaint is entirely conclusory in nature and the nature of the violation is rendered ambiguous by the particular circumstances of the named plaintiff. *See Saarela v. Union Colony Protective Servs., Inc.*, 2014 WL 3408771, at *3 (D. Colo. July 14, 2014). Contrary to Plaintiff's assumptions, conditional certification is "by no means automatic." *Eagle v. Freeport-McMoran, Inc.*, 2016 WL 7494278, at *2 (D.N.M. Aug. 3, 2016). "At least some evidence beyond unsupported factual assertions" must be presented. *Id.* (quoting *Treme v. HKA Enters., Inc.,* 2008 WL 941777, at *2 (W.D. LA. Apr. 7, 2008); *see also Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007); *Landsberg v. Acton Enter., Inc.*, 2006 WL 745178, at *2, 5 (S.D. Ohio Mar. 22, 2006). For the reasons stated below, Plaintiff cannot satisfy even this modest burden.

## II. Plaintiff Has Not Met His Minimal Burden to Show Aggrieved Individuals Exist, Much Less That He and Putative Class Members Are Similarly Situated.

To obtain conditional certification, Plaintiff must demonstrate that he is similarly situated in relevant respects, given the claims and defenses asserted, to those he seeks to include in the class action. Plaintiff fails to satisfy this threshold for each of the following reasons.

### A. Plaintiff fails to show that he, or any putative class members, should be classified as an employee.

The FLSA provides, in relevant part:

> An action to recover the liability . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction

> by any one or more <u>employees</u> for and in behalf of himself or themselves and <u>other employees similarly situated</u>.

29 U.S.C. § 216(b) (emphasis added).  Liability under the FLSA requires the existence of an employer-employee relationship.  29 U.S.C. §§ 206(a); 207(a).  An "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee."  *Id.* § 203(d).  An "employee" is "any individual employed <u>by an employer</u>."  *Id*. § 203(e)(1) (emphasis added).  Under the FLSA, any "employer" of an "employee" is responsible for compliance with all of the applicable provisions of the FLSA.  29 C.F.R. § 791.2(a).

In the Tenth Circuit, whether one is an employer under the FLSA is determined by applying an "economic realities" test, focusing upon the individual claiming to be an employee, not the employer.  *Henderson v. Inter–Chem Coal Co., Inc., 41 F.3d 567, 570 (10th Cir.1994) (citing Dole v. Snell, 875 F.2d 802, 804 (10th Cir.1989)); see also Boire v. Greyhound Corp*., 376 U.S. 473, 481 (1964) (finding focus of employment inquiry is on employees, not employers).  "[T]he Court must simply 'focus upon the circumstances of the whole activity and the economic reality of the relationship.'" *Szymula v. Ash Grove Cement Co*., 941 F.Supp. 1032, 1036 (D. Kan. 1996) (quoting *Johns v. Stewart*, 57 F.3d 1544, 1559 n. 21 (10th Cir.1995)).  The "focal point" in deciding whether an individual is an employee is whether the individual is economically dependent on the business to which he renders service, *see Bartels v. Birmingham*, 332 U.S. 126, 130 (1947), or is, as a matter of economic fact, <u>in business for himself</u>.  *Doty v. Elias*, 733 F.2d 720, 722–23 (10th Cir. 1984) (citing *Donovan v. Tehco, Inc*., 642 F.2d 141, 143 (5th Cir.1981)) (emphasis added); *see also Henderson*, 41 F.3d at 570.

Here, Plaintiff fails to provide any evidence, other than his own statements, that he, or other real estate brokers for that matter, should be considered employees. *See generally* Dkt. 1.  Indeed,

Plaintiff does not even expressly identify whether he personally was an employee or independent contractor for BGV and alleges, without any factual explanation, that he and the alleged class were "improperly categorize[d] as independent contractors" in violation of the FLSA. *See* Dkt. 1 ¶4. Plaintiff's Complaint fails to expound upon BGV's alleged improper categorization of Plaintiff, other than making broad, conclusory statements suggesting that BGV should have classified him as an employee. *See generally*, Dkt. 1 ¶¶5-9. Similarly, his Motion, which provides little more than a verbatim recitation of the pleadings in the Complaint, only offers a couple documents, over the span of a twenty-one-year period, where BGV used the word "employee." *See* Dkt. 20-1; 20-2.

Contrary to Plaintiff's intended argument, Plaintiff's Complaint and Motion support his classification as an independent contractor. Plaintiff lays out for this Court the legally significant facts that establish that he was indeed "in business for himself," including by agreeing to utilize his own private entity as a condition precedent to contract with and perform services for BGV. *See* Dkt. 1 ¶¶22, 29, 34; Dkt. 20, pp. 2-4. Moreover, throughout the twenty-one years contracting with BGV, Plaintiff signed multiple agreements acknowledging his status as independent contractor. *See* Dkt. 1 ¶¶32-34; Dkt. 20, pp. 3-4; *see, e.g.,* Exhibit 1.

Furthermore, other statutory classifications explicitly state that real estate agents or brokers are not considered employees. Pursuant to the Internal Revenue Service ("IRS"), "there are three categories of statutory nonemployees: direct sellers, <u>licensed real estate agents</u>, and certain companion sitters." See IRS Publication 15-A, p. 6[3] (emphasis added). The IRS further provides:

---

[3] Retrieved from https://www.irs.gov/pub/irs-pdf/p15a.pdf .

> [L]icensed real estate agents are treated as self-employed for all federal tax purposes, including income and employment taxes, if:
>
> • Substantially all payments for their services as direct sellers or real estate agents are directly related to sales or other output, rather than to the number of hours worked, and
>
> • Their services are performed under a written contract providing that they won't be treated as employees for federal tax purposes.

*Id.* Pursuant to the statutory nonemployee language and definition provided by the IRS, Plaintiff would be, without equivocation, classified as a nonemployee. Plaintiff contracted with BGV as a licensed real estate broker/agent; Plaintiff and his entity, Life's Blessings, were paid for services directly related to sales or other output; and the multiple agreements and written contracts signed by Plaintiff affirm that Plaintiff would not be treated as an employee for federal tax purposes, *see, e.g.,* Exhibit 1.

Additionally, the Colorado's Workers' Compensation Act specifically excludes a "licensed real estate sales agent" or "licensed real estate broker" from its definition of "employee." *See* C.R.S. § 8-40-301(2). Likewise, the Colorado Employment Security Act does not define "services performed by an individual as a licensed real estate broker or as a direct seller" as "employment." *See* C.R.S. § 8-70-136. Furthermore, all real estate agents in Colorado are governed by the strict rules promulgated under the Code of Colorado Regulations, 4 C.C.R. 725-1, wherein all real estate brokers must complete mandatory training, educational requirements, and pass an exam, among other essential conditions for licensure in the State of Colorado. Provided this well-established and substantial regulatory scheme under Colorado law, Plaintiff should not be treated as or considered an employee by this Court.

Plaintiff not only fails to establish that he himself should be classified as an employee, but he also fails to establish that <u>any other</u> real estate brokers are, or should be, classified as such. Specifically, Plaintiff's "evidence" is insufficient to support the allegation that a class of members exists, none the less that this Court should grant conditional certification. *See, e.g. Hall v. Burk*, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002) ("[I]t is unclear whether there exist potential Plaintiffs that satisfy the "similarly situated" requirement. Plaintiff fails to address this issue and the Court cannot approve even conditional certification without more of a showing."). Here, the only supporting evidence Plaintiff provides is the sparse narrative of his own singular experience, coupled with a few documents relating uniquely to his relationship with BGV. *See generally* Dkt. 1, Dkt. 20; Dkt. 20-1; Dkt. 20-2.[4] Plaintiff does not provide any affidavits, declarations, names, or any other form of evidence that could possibly suggest any other sales brokers who contract for services with BGV are employees of BGV or are potentially misclassified. Without supporting evidence, Plaintiff does not establish that these putative class members exist or should be considered employees. As such, this Court's inquiry should conclude at this juncture and deny Plaintiff's Motion for Conditional Certification and Facilitate Notice.

### B. Even if Plaintiff has shown he may be classified as an employee, and that putative class members exist, Plaintiff fails to establish he is similarly situated with any other brokers.

Even if, assuming *arguendo*, any putative class members do, in fact, exist, the Plaintiff's presentation of his supporting evidence suggests that the Court must engage in a fact-intensive, individualized analysis into each class member to determine liability. As stated above, the Plaintiff's evidence consists exclusively of his individual contractual relationship with BGV, his

---

[4] As discussed in Section II(B), *infra*, this Court may, and should, deny Plaintiff's Motion solely on Plaintiff's insufficient evidence.

9

unique personal emails and documents, and his specific, discrete experiences. *See generally* Dkt. 1; Dkt. 20; Dkt. 20-1; Dkt. 20-2.  This alone provides grounds to deny conditional certification by this Court.

Denial of conditional certification is warranted when determining liability requires individualized consideration.  *See, e.g.*, *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 870 (S.D. Ohio 2005) (denying conditional certification on the basis the claimed FLSA violations were not amenable to class treatment because liability, if any, could only be determined through fact-intensive, individualized inquiries for each plaintiff); *Sheffiell v. Orios Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002) (finding putative class members were not similarly situated because each claim would require extensive consideration of individual issues, precluding certification under the FLSA); *Saleen v. Waste Mgmt.*, 649 F. Supp. 2d 937, 942 (D. Minn. 2009) (affirming denial of conditional certification; the court noted the difficulty of proceeding with a collective action where evidence would vary by individual); *Hall*, 2002 WL 413901 at *3  (denying conditional certification where, among other things, employee failed to show employees were similarly situated, except for a "conclusory allegation that all employees were subject to improper deductions from their fixed salaries").

Here, Plaintiff's Complaint, Motion, and supporting "evidence" do not provide support that his claims against BGV are appropriate for class treatment.  By failing to supply the Court with any indication that other individuals were subject to the same or similar FLSA violations as alleged by Plaintiff, beyond Plaintiff's own generalized, conclusory statements, Plaintiff leaves the Court no basis to conclude other than the application of his "misclassification" theory will be determined by individualized, fact-intensive inquiries relating to each putative class member.  Plaintiff

10

essentially concedes as much as through his Motion and supporting exhibits, which focuses on individualized, albeit insufficient, "evidence" relating solely to him.

Furthermore, Plaintiff offers no specific allegations, let alone substantial allegations, showing how he is similarly situated to any other individual or group of individuals. This is a threshold element to class certification. *Thiessen*, 267 F.3d at 1102. A plaintiff might successfully set forth "substantial allegations" demonstrating that he and the putative class members are similarly situated <u>when the complaint contains non-conclusory allegations that are supported by sufficient evidence</u>, so as to make them "substantial." *Nelson v. FedEx Ground Package Sys., Inc.*, 2018 WL 6715897, at *4 (D. Colo. Dec. 21, 2018), report and recommendation adopted, 2019 WL 1437765 (D. Colo. Feb. 8, 2019) (emphasis added) ("Courts deny conditional certification in instances where the complaint is wholly conclusory in nature, the supporting affidavit relies on hearsay from unidentified sources, and the nature of the violation is rendered ambiguous by the particular circumstances of the named plaintiff(s)") (citing *Saarela*, 2014 WL 3408771 at *3) ).

Here, Plaintiff does not provide any evidence that he is similarly situated to other individuals beyond the conclusory statements plead in his Complaint and Motion. *See generally* Dkt. 1, Dkt. 20. As discussed above, Plaintiff does not provide affidavits or declarations that demonstrate that he is similarly situated with others; he merely provides purported evidence that references his own individualized experiences. Dkt. 1; Dkt. 20. Even Plaintiff's individualized submissions advanced to support his request that this Court grant conditional certification and order a Court-supervised notice consists solely of an unverified Complaint and unauthenticated documents provided with his Motion. *See* Dkt. 1; Dkt. 20-1; Dkt. 20-2. Plaintiff's cavalier

11

approach to seeking this Court's grant of conditional certification under Section 216(b) should be rejected.

As an initial matter, this Court should not rely on the Plaintiff's unverified Complaint and Motion. *See, e.g.*, *Bradford v. Sears, Roebuck & Co.*, 673 F.2d 792, 793 (5th Cir. 1982) (vacating order to certify class which was based "solely on the plaintiff's unverified complaint and class action motion"). Secondly, this Court should not consider the exhibits presented by the Plaintiff in his Motion, as they are unauthenticated and thus unreliable. *See, e.g., Napolitano v. Fonality, Inc.*, 2014 WL 12567145, at *2 (C.D. Cal. Aug. 7, 2014) (denying motion for class certification where plaintiff failed to authenticate exhibits and failed to explain how the documents could support certification, even if they were properly authenticated); *Van v. Anderson*, 2001 WL 803722, at *3 n. 1 (N.D. Tex. July 12, 2001) (denying plaintiff's motion for class certification and granting defendant's motion to strike evidence, where plaintiff introduced evidence in support of his Motion that was unauthenticated, unsubstantiated, hearsay, or requires expert testimony).

Even if this Court does choose to consider Plaintiff's exhibits, they ultimately should be stricken, as they fall outside the two-year statute of limitations for the claims Plaintiff alleges against BGV. *See* 29 U.S.C. §255(a). If, *arguendo*, the Court were to find the cause of action arose out of a willful violation, which BGV denies, providing Plaintiff three years instead of two to commence his action, Plaintiff's exhibits <u>still</u> fall outside the statute of limitations by many years. Here, Plaintiff's exhibits include: a "Notice of Performance to Independent Contractor," dated October 16, 2011; an "Independent Contractor Declaration" from 2009; and a letter dated October 18, 1999; all of which are unauthenticated and were created far outside the statute of limitations. 29 U.S.C. §255(a). Even if this Court considers these unverified and unauthenticated

12

submissions, arising over a decade before the period at issue in Plaintiff's Complaint, they do not warrant conditional certification and a supervised notice by the Court.

In essence, Plaintiff is asking the Court to conclude that a plaintiff may establish the "similarly situated" requirement by merely asserting that other class members exist, and they are all similarly situated. This would be an inefficient and overbroad application of the FLSA opt-in scheme and would eviscerate the requirements that a plaintiff must make substantial and detailed allegations that the he and the potential class members are "similarly situated." Plaintiff's Complaint amounts to factual allegations and misinterpretations of his own compensation and does not satisfy his minimal burden of presenting "substantial allegations" that he and others were similarly situated with respect to his FLSA claims. *Thiessen* at 1102.

## CONCLUSION

Plaintiff has offered no grounds for conditional certification. For the reasons stated above, BGV respectfully requests that this Court deny Plaintiff's Motion for Conditional Certification and to Facilitate Notice.

Respectfully submitted this day, January 11, 2021.

> */s/ Darin L. Mackender*
> Darin L. Mackender
> Danielle S. Urban
> FISHER & PHILLIPS LLP
> 1125 17th Street, Suite 2400
> Denver, CO  80202
> Telephone:  (303) 218-3650
> Facsimile:   (303) 218-3651
> dmackender@fisherphillips.com
> durban@fisherphillips.com
>
> *Attorneys for Defendant Breckenridge Grand Vacations, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Patrick H. Peluso
Woodrow & Peluso, LLC
3900 East Mexico Avenue
Suite 300
Denver, CO  80210
ppeluso@woodrowpeluso.com

*/s/ Darin L. Mackender* _
Darin L. Mackender
For FISHER & PHILLIPS LLP

14

FP 39587601.1