**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-00754-STV

**ARTHUR MCMAHON**,

    Plaintiff,

v.

**BRECKENRIDGE GRAND VACATIONS, LLC,
d/b/a PEAK 8 PROPERTIES, LLC**
,
    Defendant.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION AND TO FACILITATE NOTICE**

In response to Plaintiff Arthur McMahon's ("Plaintiff" or "McMahon") motion for conditional certification and to facilitate notice, Defendant suggests that the motion should be denied for two main reasons, neither of which have merit.

First, Defendant argues that Plaintiff has failed to show that he or any putative class members should have been classified as employees. (Dkt. 24, 5-8.) While Plaintiff of course disagrees with Defendant's arguments regarding the underlying facts and the law (and attached exhibits showing that Defendant's contentions are wrong), what matters at this stage is that Defendant's merits arguments put the cart before the horse. Such a merits determination is improper at this point in the case. *See Black v. P.F. Chang's China Bistro*, No. 1:16-cv-03958, 2017 WL 2080408, at *3 (N.D. Ill. May 15, 2017) ("The first stage involves conditionally certifying a class for notice purposes. There is a low standard of proof. The court does not make merits determinations, weigh evidence, determine credibility, or specifically consider opposing

1

evidence presented by a defendant." (quoting *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 855-56 (N.D. Ill. 2013)); *Crosby v. Stage Stores, Inc.*, 348 F. Supp. 3d 742, 747 (M.D. Tenn. 2018) (a federal court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" when evaluating conditional certification); *Roberts*, 2015 WL 3905088 at *13 (explaining that the defendant's substantive arguments were premature at the conditional class certification stage); *Bearden v. AAA Auto. Club S., Inc.*, No. 2:11-cv-03104-JTF-dkv, 2013 WL 1181474, at *6 (W.D. Tenn. Mar. 18, 2013) ("[A] court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated."); *Fast v. Applebee's Int'l, Inc.*, 243 F.R.D. 360, 363 (W.D. Mo. 2007) (finding that Applebee's arguments as to validity of plaintiffs' claims, even if ultimately meritorious, did not preclude conditional certification); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (stating that, at the notice stage, the court "need not evaluate the merits of plaintiffs' claims" to be able to determine that a group is similarly situated)).

Thus, what matters at this stage is not whether a trier of fact will ultimately agree with Plaintiff that he his fellow sales personnel were misclassified as independent contractors. Defendant's attempt to argue the merits at the conditional certification stage should be rejected.

Second, Defendant claims that Plaintiff has failed to establish that he is similarly situated with other sales personnel. (Dkt. 24 at 9-13.) In reality, however, Plaintiff has satisfied the bar for conditional certification.

As the Court is aware, the FLSA provides that a collective action may be maintained against any employer by one or more employees for and on behalf of themselves and other

employees similarly situated. 29 U.S.C. § 216(b). Because the FLSA requires only that employees be "similarly situated," plaintiffs seeking to certify a collective action under the FLSA face a lower burden than those seeking to certify a class action under Federal Rule of Civil Procedure 23. *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584 (6th Cir. 2009).

The FLSA does not define the term "similarly situated," but courts have considered the "'factual and employment settings of the individual[ ] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action.' " *O'Brien*, 575 F.3d at 584 (quoting 7B Wright, Miller, & Kane, *Federal Practice and Procedure* § 1807 at 497 n.65 (3d ed. 2005) ) (alterations in original). "[I]t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Id.* at 585. Employees may also be similarly situated if their claims are merely "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* Indeed, "[s]howing a 'unified policy' of violations is not required." *Id.* at 584.

At the current stage (the conditional certification stage), conditional certification need only be based on a modest factual showing, and district courts use a lenient standard that typically results in certification. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). At the first stage, the court does not resolve factual disputes, decide substantive issues related to the merits of the case, or make credibility determinations. *Roberts v. Corrections Corp. of Am.*, No. 3:14-cv-2009, 2015 WL 3905088, at *10 (M.D. Tenn. June 25, 2015). "[T]he certification is conditional and by no means final." *Comer*, 454 F.3d at 546. After discovery, the

defendant may move for decertification of the conditional class, which triggers the second phase of the court's review. *See O'Brien*, 575 F.3d at 583. At this second stage, the court has access to more information and employs a "stricter standard" in deciding whether class members are, in fact, similarly situated. *Comer*, 454 F.3d at 547.

Plaintiff has met the lenient conditional certification standard here. Plaintiff's Complaint is detailed and makes clear that Defendant: (1) hires "sales brokers" on contract basis as alleged "independent contractors" to perform tasks and sales directed as Defendant instructs; (2) requires "sales brokers" to create and form their own entity to do business for Defendant, and require the entity to be formed prior to sales beginning; (3) requires their sales people to rent an office space from them for $200/month, and sends out an office manual to all of their "employees" which includes their "independent contractors"; and (4) sets and creates the schedules for their salespersons, generates and provides leads for the salespersons, determines what sales pitches and advertisements are appropriate, dictates what salespersons can wear, set requirements for meeting length with potential clients, and when they can leave the office. (*Id.* ¶ 25.) (Compl. ¶¶ 21-25.) Plaintiff's motion also refers to several exhibits, including an Office Policy Manual applicable to all employees.

While Defendant takes aim at the evidence Plaintiff relies on, the Court's determination of whether to conditionally certify is based on the pleadings. *Litz v. Saint Consulting Group, Inc.,* No. CIV.A. 11- 10693-GAO, 2012 WL 549057, at *2 (D. Mass. Feb. 17, 2012); *Poreda v. Boise Cascade, L.L.C.*, 532 F. Supp. 2d 234, 239 (D. Mass. 2008) ("Usually, the initial stage determination is based only on the pleadings and any affidavits which have been submitted.") (internal quotations and citations omitted); *Shabazz v. Asurion Ins. Serv.*, No. 3:07-0653, 2008

WL 1730318, at *5 (M.D. Tenn. Apr. 10, 2008) ("The Amended Complaint, coupled with the [the plaintiff's] declaration provide a 'modest showing' " that employees were similarly situated.). *see also Gonpo*, 2018 WL 1725695, at *6.

The Court should find that the allegations in the Complaint and the evidence submitted as exhibits are sufficient at this lenient stage to show that Plaintiff is similarly situated to other putative class members. The claims of both Plaintiff and the putative class would be "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585. Defendant may file a motion for decertification at a later date if it wishes to argue that discovery reveals that the class members are not similarly situated, but the initial hurdle has been cleared and the Court should conditionally certify.

                              Respectfully submitted,

Date: February 4, 2021              **Arthur McMahon**,

                              /s/ Patrick H. Peluso

                              Patrick H. Peluso
                              ppeluso@woodrowpeluso.com
                              WOODROW & PELUSO, LLC
                              3900 East Mexico, Ave. Suite 300
                              Denver, CO 80210
                              Telephone: (720) 213-0675
                              Facsimile: (303) 927-0809

                              *Attorneys for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2021 I caused the above and foregoing papers to be served on all counsel of record by filing such papers with the Court using the Court's electronic filing system.

/s/ Patrick H. Peluso