IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00754-CMA-STV

ARTHUR MCMAHON,

    Plaintiff,

v.

BRECKENRIDGE GRAND VACATIONS, LLC,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

---

This matter is before the Court on Plaintiff's Motion for Conditional Certification and to Facilitate Notice ("Motion for Conditional Certification" or "Motion") (Doc. # 20). Plaintiff moves the Court to conditionally certify a class under the Fair Labor Standards Act ("FLSA"), to grant Plaintiff permission to submit a plan of notice to prospective class members, and to order the Defendant to produce names and contact information for members of the Plaintiff's proposed class. For the reasons that follow, the Motion is granted.

### I.    BACKGROUND

This is a putative FLSA collective action. Defendant, Breckenridge Grand Vacations, LLC, operates four shared ownership, or "timeshare," properties in Breckenridge, Colorado. (Doc. # 24, p. 3). Plaintiff, Arthur McMahon, worked for Defendant as a "sales broker," assisting clients purchasing ownership interests in one or

more of Defendant's properties, beginning at some time between 1997 and 1999. (Doc. # 1, ¶ 28). Defendant fired Plaintiff in 2019. (Doc. # 1, ¶ 38).

Plaintiff alleges that Defendant incorrectly classified him as an independent contractor rather than an employee, and that Defendant failed to pay him overtime wages and other benefits throughout his employment. (*See generally* Doc. # 1). Plaintiff also alleges that other workers classified as independent contractors by Defendant may be similarly situated to him. (Doc. # 1, ¶ 44).

Plaintiff now moves the Court for an order conditionally certifying this case as a class action on behalf of "all current and former sales personnel of Defendant working anywhere in the United States between three years prior to the date the Complaint was filed and the present." (Doc. # 20, p. 2). Plaintiff argues that class treatment is appropriate in this case because "Defendant's pay policies impact all sales personnel in the same manner and all sales personnel have similar job duties . . . and compensation." (Doc. # 20 at 8).[1] Defendant counters that Plaintiff has not provided enough information in his Complaint and Motion to establish that he is similarly situated to anyone else working for the Defendant currently or in the past. (Doc. # 24, p. 3).

## II.   LEGAL STANDARDS

Section 216(b) of the FLSA provides that an action under the FLSA for overtime violations "may be maintained against any employer . . . by any one or more employees

---

[1] Plaintiff also requests fourteen days from the granting of this Motion to submit a proposed notice plan to potential class members, and for the Court to order Defendant to produce "a computer-readable database that includes the names of all proposed Collective members" and their contact information. (Doc. # 24, pp. 8-9).

2

for and on behalf of himself or themselves and other employees similarly situated." Collective actions benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact . . . ." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Further, a collective action gives similarly situated plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources." *Id.*

The Tenth Circuit has approved the use of a two-step process for determining whether the putative class members are similarly situated to the named plaintiff. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-1105 (10th Cir. 2001). At the first step, prior to discovery, the district court makes a "notice stage" determination of whether the plaintiffs are similarly situated. For conditional certification at the notice stage, the Tenth Circuit "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id*. at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)). The standard for conditional certification at the notice stage, then, "is a lenient one."[2] *Wass v. NPC Int'l, Inc.*, No. 09-2254, 2011 WL 1118774, at *3 (D. Kan. Mar. 28, 2011) (unpublished); *see also Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) ("This initial step creates a lenient standard which typically results in

---

[2] The second step for class certification under § 216(b) demands a higher level of scrutiny. At the second step, which occurs after discovery is complete and often prompted by a motion to decertify, a district court examines, *inter alia*, "any disparate factual and employment circumstances shown in the record, whether defenses asserted by the defendant are individual to certain plaintiffs, and fairness and procedural considerations." *Bass v. PJComn Acquisition Corp.*, No. 09-cv-01614, 2010 WL 3720217, at *2 (D. Colo. Sept. 15, 2010) (unpublished). The instant Motion requires the Court to determine only whether Plaintiffs have satisfied the first step of the *Thiessen* two-step approach.

3

conditional certification of a representative class."). At this stage, the Court "does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiffs' claims." *Bryant v. Act Fast Delivery of Colorado, Inc.,* No. 14-cv-870-MSK-NYW, 2015 WL 3929663, at *2 (D. Colo. June 25, 2015).

### III.     DISCUSSION

### A.     CONDITIONAL CERTIFICATION

The Court finds that Plaintiff has carried his minimal initial burden to demonstrate that class treatment is appropriate at this stage in this case. To obtain preliminary class-action certification under the FLSA, a plaintiff need only assert "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102. Plaintiff has done so in this case. Specifically, Plaintiff alleged in his Complaint and Motion that "Defendant's business practices apply to and affect the members of the Class uniformly" (Doc. # 1, ¶ 48); that "Plaintiff's challenge of [Defendant's] practices hinges on Defendant's conduct with respect to the Class as a whole" (*id.*); and that Defendant's "pay policies impact all sales personnel in the same manner." (Doc. # 20, p. 8). In support of these allegations, Plaintiff attached to his Complaint and Motion copies of Defendant's "Office Policy Manual" and other forms sent to him by the Defendant that further support the notion that Defendant's policies applied to most, if not all, of its sales personnel, not just the Plaintiff.[3]

---

[3] *See e.g.*, (Doc. # 1-2, p. 6) ("'you' or 'your' refers to each real estate Sales Broker. . .. All sections of this manual relate solely to Sales Brokers"); (Doc. # 20-2, p. 8) ("Independent Contractors of the Company will have access to confidential information. . . non-disclosure applies during and after an employee's employment"); (Doc. # 20-2, p. 11) ("All employees' and sales brokers' attendance is mandatory. . .").

The Court finds that Plaintiff's allegations, in combination with the supporting documents he has provided, constitute "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102. Therefore, conditional certification of a FLSA collective action is appropriate in this case. *See Daugherty v. Encana Oil & Gas (USA), Inc.*, 838 F. Supp. 2d 1127, 1133 (D. Colo. Dec. 20, 2011) ("Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege the plaintiffs were together the victims of a single decision, policy or plan.") (quoting *Renfro*, 243 F.R.D. at 434); *see also Warren v. MBI Energy Servs., Inc.*, No. 19-cv-00800-RM-STV, 2020 U.S. Dist. LEXIS 32383, 2020 WL 937420, at *8 (D. Colo. Feb. 25, 2020) (noting "[c]ourts have generally found the question of whether a defendant improperly misclassified workers to avoid paying overtime compensation to be suitable for collective treatment at the initial stage" and collecting cases), *report and recommendation adopted in part*, No. 1:19-cv-00800-RM-STV, 2020 U.S. Dist. LEXIS 173198, 2020 WL 5640617 (D. Colo. Sept. 22, 2020).

Defendant's arguments against certification are unpersuasive. Defendant first argues that Plaintiff failed to show that he, or any member of the proposed class of plaintiffs, can be classified as an employee under the FLSA (Doc. # 24, p. 5). This argument fails as a matter of law. As established above, at this early stage the Court "does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiffs' claims". *Bryant,* No. 14-cv-870-MSK-NYW, 2015 WL 3929663, at *2. Consequently,

Plaintiff does not need to prove that he, or anyone else, should have been classified as an employee under the law. Rather, he need only allege that a class of potential employees exists and that those employees were impacted by the same single decision, policy, or plan that allegedly violates the FLSA. As discussed above, he has done so. Defendant's arguments to the contrary are premature.[4]

Defendant next argues that even if Plaintiff, or any potential class member, could be classified as an employee, this case would still not be appropriate for class treatment because Plaintiff has not sufficiently alleged that he is similarly situated to any potential class member. (Doc. # 24, p. 9). This argument also fails. The burden on the Plaintiff at this stage is low. *Renfro*, 243 F.R.D. at 432 ("This initial step creates a lenient standard which typically results in conditional certification of a representative class."). To meet this minimal burden, Plaintiff provided the Court with allegations of Defendant's business practices, along with supporting documents that, collectively, indicate a pattern of similar treatment by the Defendant of all its sales personnel. Therefore, the Court finds that Plaintiff has met the lenient standard at this stage of the litigation and has provided "substantial allegations" that all of the putative class members were "together victims of a single decision, policy, or plan."

---

[4] *See, e.g.*, *Levine v. Vitamin Cottage Nat. Food Markets Inc.*, No. 20-cv-261-STV, 2020 U.S. Dist. LEXIS 207945, 2020 WL 6546734, at *4 (D. Colo. Nov. 6, 2020) (concluding argument that deposition testimony showed putative class members were not similarly situated was inappropriate at notice stage); (quotation omitted); *Darrow v. WKRP Mgmt., LLC*, No. 09-cv-01613-CMA-BNB, 2012 U.S. Dist. LEXIS 24997, 2012 WL 638119, at *4 (D. Colo. Feb. 28, 2020) (rejecting argument that allegations were too conclusory to support conditional certification, in part, because "at this [notice] stage, the Court must determine only whether the [putative class members] are similarly situated, not whether Plaintiff's FLSA claim has merit").

### B. NOTICE

Plaintiff also moves the Court to grant him fourteen days after the granting of this Motion to submit a proposed notice plan to the Court, and for the Court to order Defendant to produce a computer-readable database with names and contact information of potential class members. (Doc. # 20, pp. 8-9.)

In light of the Court's conclusion that conditional certification of a FLSA collective action is appropriate in this case, Plaintiff may submit his proposed notice plan to the Court for review. Upon submission of the notice plan, the Court will review the proposed notice to ensure that it is fair and accurate and no alterations to the notice are necessary. *See Smith v. Pizza Hut, Inc.*, No. 09-CV-01632-CMA-BNB, 2012 WL 1414325, at *7 (D. Colo. Apr. 21, 2012) (quoting *Lewis v. ASAP Land Exp., Inc.,* No. 07–CV–2226, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008) (unpublished)) ("Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary.").

### IV. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff's Motion for Conditional Certification and to Facilitate Notice is GRANTED;

- A FLSA collective action of the following individuals is hereby conditionally certified:

    all current and former sales personnel of Defendant working anywhere in the United States between three years prior to the date the Complaint was filed and the present;

- Plaintiff is authorized to submit his proposed notice plan to the Court for review within fourteen days of the date of entry of this Order; and

Defendant is ORDERED to provide Plaintiff with a list of contact information for said individuals within fourteen days of the date of entry of this Order.

DATED: September 14, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge