IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00754-CMA-STV

ARTHUR MCMAHON, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

BRECKENRIDGE GRAND VACATIONS, LLC, *d/b/a* Peak 8 Properties, LLC,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF NOTICE PLAN WITH MODIFICATIONS

This matter is before the Court on Plaintiff's Motion for Approval of Notice Plan in this Federal Labor Standards Act (FLSA) class action. (Doc. # 34.) For the following reasons, the Motion is granted with modifications to the proposed notice form.

On September 14, 2021, the Court granted Plaintiff's Motion to Conditionally Certify a Collective and granted Plaintiff fourteen days from the granting of that Order to provide the Court with his proposed notice plan to contact members of the approved class. (Doc. # 33.) Now that Plaintiff has submitted his notice plan, the Court need only review it to ensure that it is fair and accurate and that no alterations are necessary. *See Smith v. Pizza Hut, Inc.*, No. 09-CV-01632-CMA-BNB, 2012 WL 1414325, at *7 (D. Colo. Apr. 21, 2012) (quoting *Lewis v. ASAP Land Exp., Inc.,* No. 07–CV–2226, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008) (unpublished)) ("[u]nder the FLSA, the Court

has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary.").

Having reviewed Plaintiff's proposed plan of notice, the Court finds that it requires some adjustment. Specifically, the Court finds that the language used in Section # 9, entitled "How will the lawyers be paid?" is misleading. (Doc. # 34-1 at pp. 4–5.) This Section reads "Class Counsel may seek, and the Court may award, an amount of reasonable attorney's fees to be paid from or in addition to any judgment awarded." (*id.* at p. 5.) However, Plaintiff does not address, in this Section or any other part of the proposed notice form, what financial burden may be placed upon potential plaintiffs if they do not prevail. Specifically, the proposed notice fails to inform potential plaintiffs whether non-prevailing plaintiffs may be liable for an award of costs to Defendant in the event of an adverse judgment. Therefore, "because an award of costs is a possibility under the existing caselaw, potential class members should be informed of that possibility." *Wass v. NPC Int'l, Inc.*, No. 09-2254-JWL, 2011 U.S. Dist. LEXIS 32761, at *26-27 (D. Kan. Mar. 28, 2011). If, however, Plaintiff's counsel agrees to accept liability for any cost award and to not seek payment from the class members, the notice does not need to be changed, but Plaintiff's counsel must file an affidavit with the Court stating that they will pay any costs awarded to Defendant by this Court. *See Darrow v. WKRP Mgmt., LLC*, 2012 U.S. Dist. LEXIS 24997, 2012 WL 638119, at *6 (no need to inform potential plaintiffs they may be responsible for costs where plaintiffs' counsel had filed affidavit stating that they would be responsible for all costs incurred). Thus, Plaintiff's counsel are ordered to insert the following language on page

5, Section # 9 of the proposed notice: "If you do not prevail on your claim, court costs and expenses (not including BGV's attorneys' fees) may possibly be assessed against you," unless Plaintiff's counsel files an affidavit stating that they will be responsible for all possible costs. *See Pizza Hut*, No. 09-CV-01632-CMA-BNB, 2012 WL 1414325, at *7.

## I.     CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff's Motion for Approval of Notice Plan (Doc. # 34) is GRANTED with the following modifications:

    - Plaintiff's counsel is ORDERED to either (1) file an affidavit with the Court stating that they will be responsible for litigation costs awardable against the class members; or (2) insert the following language of page 5, Section # 9 of the proposed notice:

        > "If you do not prevail on your claim, court costs and expenses (not including BGV's attorney's fees) may possibly be assessed against you";

- It is FURTHER ORDERED that Plaintiff is authorized to send notice and consent forms, in accordance with this Order, to each member of the class; and

- Defendant is ORDERED to provide CAC Services Group with contact information for each person that falls within the class definition so that CAC Services group can send potential class members direct mail notice.

DATED: October 21, 2021

BY THE COURT:

*(signature)*
CHRISTINE M. ARGUELLO
United States District Judge